UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| LISA FORSELL PERRY and GEORGE WELCH PERRY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:04-CV-195 |
| KELLY HERD, individually, and KELLY HERD d/b/a GOLD CREATIONS, and KELLY HERD, LLC, a Tennessee Limited Liability Company | ) ) ) ) ) | Judge Curtis L. Collier |
| Defendants. | ) ) | |

## **M E M O R A N D U M**

Before the Court is a Rule 60(b) motion for relief from the Court's order granting in part Defendant Kelly Herd d/b/a Gold Creations' ("Gold Creations") motion for summary judgment (Court File No. 62). Plaintiffs Lisa Perry ("Lisa Perry") and George Perry ("George Perry") (collectively referred to as "Plaintiffs") have presented "new" evidence to the Court suggesting three pieces of jewelry, previously dismissed by the Court on statute of limitations grounds, are not barred by the applicable statute of limitations. Gold Creations filed a response to Plaintiffs' motion (Court File No. 63).

After considering the above, and for the reasons discussed below, the Court will **GRANT** Plaintiffs' motion for relief and allow Plaintiffs to pursue their claims of copyright infringement with respect to the following three pieces of jewelry: (1) Western Pleasure Pendant (Loop) (VA 581-177), (2) Cindy Mare (VA 583-009), and (3) Plain Jumper (VA 583-009).

## I. STANDARD OF REVIEW

Under Rule 60 of the Federal Rules of Civil Procedure, a court has discretion to provide relief from a judgment or order upon a showing of cause. Rule 60(a) addresses clerical errors. Rule 60(b) addresses all other bases for reconsideration:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Any Rule 60(b) motion "shall be made within a reasonable time," and motions made pursuant to subsections (1) through (3) must be made "not more than one year after the judgment, order, or proceeding was entered . . ." Fed. R. 60(b).

Motions to reconsider under Rule 60(b) are "opportunit[ies] for [the district court] to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan. 1996). Rule 60(b) motions are addressed to the sound discretion of the district court, which must balance the ends of justice with public interest in the finality of the court's decisions. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999); *Aetna Cas. & Sur. Co. v. Home Ins. Co.*, 882 F. Supp. 1355, 1356 (S.D.N.Y. 1995).

## II. DISCUSSION

On February 14, 2006 the Court granted in part Gold Creations' motion for summary judgment because Plaintiffs conceded there was no evidence of any infringing activity with respect to nine pieces of jewelry on or after July 1, 2001 (Court File No. 51, p. 9; Court File No. 52). Plaintiffs now present evidence of infringing activity within the statutory period regarding three of those nine pieces of jewelry: (1) Western Pleasure Pendant (Loop) (VA 581-177), (2) Cindy Mare (VA 583-009), and (3) Plain Jumper (VA 583-009). Specifically, Plaintiffs present invoices and records evidencing Defendants sold and/or manufactured allegedly infringing works on or after July 1, 2001.

Gold Creations opposes Plaintiffs' motion on two grounds. First, Gold Creations argues the invoices and records presented by Plaintiffs are not new but were in fact available to Plaintiffs when they filed their response to Gold Creations' motion for summary judgment. With respect to the invoices, Plaintiffs admit they had possession of the invoices when they filed a response to Gold Creations' motion for summary judgment but they assert the invoices were not discovered until counsel began preparing for trial. Pursuant to Rule 60, the Court may grant relief from a judgment or order when there "is newly discovered evidence which by due diligence could not have been discovered . . . ." Fed. R. Civ. P. 60(b)(2). Here, it appears if Plaintiffs' counsel had exercised due diligence she would have discovered at least some of the evidence she now presents to the Court. Therefore, Rule 60(b)(2) is not a proper basis for relief. However, Rule 60(b)(1) allows the Court to provide relief from a judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). When Gold Creations' filed its motion for summary judgment, over sixty different pieces of jewelry were at issue. As such, the Court concludes counsel's failure to bring the invoices and business records to the Court's attention earlier constitutes excusable

3

neglect.

Such a conclusion is especially warranted in this case because the new evidence has been brought to the Court's attention before the start of trial. Also, in allowing these three pieces of jewelry back into the case, the Court has not caused Gold Creations to raise new defenses or change its trial strategy. Plaintiffs claim is still a claim of copyright infringement. Instead of presenting fifteen pieces of jewelry to the jury, Plaintiffs will now be able to present eighteen pieces. Although the Court's decision may cause Gold Creations' some prejudice, the resulting prejudice should be *de minimus*.

Next, Gold Creations contends the three pieces of jewelry previously mentioned are not the same or substantially similar to the works sold in the above referenced invoices. While Gold Creations' contention may eventually be proven correct, it does not prevent the Court from granting the requested relief. Accordingly, the Court will **GRANT** Plaintiffs' motion for relief from the Court's earlier order.

### III. CONCLUSION

The Court will **GRANT** Plaintiffs' motion for relief from the Court's earlier order and allow Plaintiffs to pursue their claims of copyright infringement with respect to the following three pieces of jewelry: (1) Western Pleasure Pendant (Loop) (VA 581-177), (2) Cindy Mare (VA 583-009), and (3) Plain Jumper (VA 583-009).

An order shall enter.